VÍCTOR SANTIAGO, demandante y apelante, *v.* ISABEL TORRES HERNÁNDEZ DE MATALLANAS, demandada y apelada.

Núm. 8384.—*Sometido:* Marzo 25, 1942. *Resuelto:* Abril 20, 1942.

*Francisco Capó Pagán* y *R. Atiles Moréu,* abogados del apelante; *José A. Poventud,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este recurso fué interpuesto contra una sentencia que desestimó la demanda de este pleito a virtud de excepción previa de prescripción. Se alega en la demanda que el demandante es un contratista de obras y que allá por el mes de abril de 1924 la demandada, siendo entonces viuda, celebró un contrato con el demandante por el cual éste se obligó a reconstruir una casa propiedad de la demandada, por la cantidad de $18,000, siendo de cuenta del demandante todos los gastos de la obra, incluyendo desde luego los materiales de construcción, mano de obra, seguro de indemnizaciones a obreros, etc.; que en enero de 1925 la obra fué terminada y aceptada por la demandada a su entera satisfacción y el 31 del mismo mes abonó al precio fijado en el contrato la cantidad de $9,921, obligándose a pagar los $8,079 restantes el 31 de enero del año siguiente, estipulándose que la suma adeudada devengaría interés a razón del 10 por ciento anual; que la demandada no ha satisfecho dicha cantidad ni sus intereses, ascendentes en total a $15,578.96, por la cual suma, más las costas, desembolsos y honorarios de abogado, solicitó sentencia.

Alegó la demandada, y la sostuvo la corte *a quo,* que la acción ejercitada estaba prescrita de conformidad con el inciso 2 del artículo 1867 del Código Civil, ed. 1930.

La demanda que aparece en la transcripción de autos es una tercera demanda enmendada radicada el 3 de abril de 1941, pero de la sentencia resulta, y lo acepta en su alegato la demandada apelada, que la demanda inicial fué radicada el 21 de noviembre de 1939, por lo que en esta última fecha habían transcurrido trece años, nueve meses y veinte días desde que venció la obligación reclamada, o sea el 31 de enero de 1926.

La cuestión a resolver es si a los efectos de la prescripción de la acción ejercitada procede aplicar el inciso 2 del artículo 1867 del Código Civil como sostiene la apelada, caso en el cual la acción estaría prescrita por haber transcurrido más de tres años desde que dejaron de prestarse los servicios, o si por el contrario, conforme alega el apelante, es de aplicación el artículo 1864 del mismo cuerpo legal, dispositivo de que prescriben a los quince años las acciones personales que no tengan señalado término especial de prescripción.

Parece conveniente para la mejor inteligencia de la discusión, transcribir aquí el artículo 1867 del Código Civil. Dice así:

"Art. 1867. Por el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

"1. La de pagar a los jueces, abogados, registradores, notarios, peritos, agentes y curiales, sus honorarios y derechos, y los gastos y desembolsos que hubiesen realizado en el desempeño de sus cargos u oficios en los asuntos a que las obligaciones se refieran.

"2. La de satisfacer a los farmacéuticos las medicinas que suministraron; a los profesores y maestros sus honorarios y estipendios por la enseñanza que dieron, o por el ejercicio de su profesión, arte u oficio.

"3. La de pagar a los menestrales, criados, y jornaleros el importe de sus servicios, y de los suministros o desembolsos que hubiesen hecho, concernientes a los mismos.

"4. La de abonar a los posaderos la comida y habitación, y a los mercaderes el precio de los géneros vendidos a otros que no lo sean, o que siéndolo se dediquen a distinto tráfico.

"El tiempo para la prescripción de las acciones a que se refieren los tres párrafos anteriores se contará desde que dejaron de prestarse los respectivos servicios."

El precepto legal transcrito es una copia literal del artículo 1967 del Código Civil español, de donde fué adoptado, y éste a su vez tiene su precedente en la Ley- 10, Título 11, Libro 10 de la Novísima Recopilación, "Los Códigos Españoles," Concordados y Anotados, tomo 9, pág. 339, que dice así:

"Ley X.—*Deudas de salarios de sirvientes, medicinas de boticas, comestibles de tiendas, y hechuras de artesanos; y su prescripción pasados tres años.*

"D. Carlos y Da. Juana en Madrid año 1528 pet. 157; y D. Felipe II en las Cortes de Madrid de 1567 pet. 39.

"Mandamos, que los que hobieren vivido con qualesquiera personas destos nuestros reynos, sean obligados a pedir lo que pretendieren, que se les quedare debiendo del salario, y acostamiento que tuvieren de sus señores, o otro qualquier servicio que les hayan hecho, dentro de tres años después que fueren despedidos de los tales señores; y que pasados aquellos, no lo puedan pedir mas, excepto si mostraren haberlo pedido dentro de los dichos tres años a los dichos sus señores, y ellos no se lo hayan pagado ni satisfecho: y esto mismo mandamos, que se entienda y extienda a los Boticarios y joyeros, y otros oficiales mecánicos y a los especieros, confiteros y otras personas que tienen tiendas de cosas de comer, los quales, pasados tres años, no puedan pedir lo que hubieren dado de sus tiendas, ni las hechuras que hobieren hecho.  (Ley 9, tit. 15, lib. 4. R.)"

La citada Ley 10 sólo comprendía en el período prescriptivo de tres años, como su título indica, las deudas de salarios de sirvientes, medicinas de boticas, comestibles de tiendas y hechuras de artesanos.  Sus disposiciones fueron ampliadas por el Código Civil español hasta comprender, entre otras reclamaciones, las de los "Profesores y maestros (por) sus *honorarios y estipendios* por la enseñanza que dieren, o por *el ejercicio de su profesión, arte u oficio.*"

No seguiremos a las partes en su larga discusión sobre la naturaleza del contrato de arrendamiento de obras y ser-

vicios cuando el que lo ejecuta suministra también el material de construcción, porque a nuestro juicio el mero hecho de que se trate de un arrendamiento de servicios no hace de aplicación el artículo 1867, inciso 2, que, como hemos visto y nos proponemos demostrar en el curso de esta opinión, sólo se contrae a los honorarios y estipendios que los *profesores* y *maestros* reclamen *por la enseñanza que dieren o por el ejercicio de su profesión, arte u oficio.*

Por consiguiente, precisa determinar si el caso descrito en la demanda está comprendido dentro de los términos del inciso 2 del artículo 1867 del Código Civil, cuyo contenido conocemos.

De la faz de la demanda no aparece que el demandante sea un *profesor* o *maestro* y que lo que él reclama sea el pago de sus honorarios y estipendios por la enseñanza que dió o por el ejercicio de su profesión, arte u oficio. *"Profesor"*, según el Diccionario Enciclopédico Hispanoamericano, es la "persona que ejerce una ciencia o arte," y *"maestro"* de acuerdo con la misma obra, es "el que enseña una ciencia, arte u oficio, o tiene título para hacerlo", y también "el que es práctico en una materia y la maneja con desembarazo." La palabra "honorario" la define la citada obra en los siguientes términos: "Como sustantivo significa la palabra *honorario* el sueldo o estipendio que se da a alguno por su trabajo, o la retribución que se concede en pago de ciertos servicios. La palabra *honorario* se emplea para designar la retribución de los servicios prestados por los médicos, abogados, eclesiásticos y otras personas a quienes el honor de la profesión no permita recibir salario." El vocablo *"estipendio"*, según el mismo Diccionario, es "la paga o remuneración que se da a una persona por su trabajo o servicio."

Un *contratista de obras* no es necesariamente un *profesor* ni un *maestro* dentro de la acepción que tienen esas palabras en el precepto legal que interpretamos. La realidad es que en Puerto Rico y más generalmente en los Estados Unidos,

las obras más costosas y de mayor importancia se hacen por corporaciones que contratan su ejecución y hacen todos los gastos necesarios, incluyendo desde luego mano de obra, materiales, etc. ¿Podría alegarse sin incurrir en manifiesto absurdo, que un pleito establecido por una de esas corporaciones en reclamación del precio de la obra es una acción instituída por un *profesor* o *maestro* en cobro de sus *honorarios* o *estipendios* por el ejercicio de su profesión, arte u oficio?

El mero contratista de obras no es necesariamente un conocedor del arte de construir. Con frecuencia se dedican a ese negocio personas que cuentan con capital o crédito suficientes para acometer la empresa y que están asesoradas por personas conocedoras del trabajo a realizarse. El *profesor* o *maestro* a que se contrae el citado precepto legal es, por ejemplo, el arquitecto o ingeniero que prepara los planos y especificaciones, o el que dirige o inspecciona la obra; pero no puede referirse a un mero contratista de obras ni aun a un ingeniero o arquitecto, o persona práctica en esas profesiones, que además de su trabajo profesional incluye en el contrato el coste de los materiales, mano de obra, etc. Es sabido que generalmente el valor de los servicios profesionales propiamente dichos constituye una parte relativamente pequeña del valor de la obra cuando ésta es de alguna importancia por el coste de sus materiales, mano de obra, etc.

Que no fué la intención de los autores del Código incluir en dicho período de prescripción el valor de los materiales, mano de obra, etc., nos lo demuestra un examen del propio precepto legal. Se observará que el inciso 3 del artículo en cuestión, al referirse al pago de los servicios de los menestrales, criados y jornaleros, incluye además el importe de los suministros o desembolsos que hubiesen hecho concernientes a los mismos. Lo propio se hizo en el inciso primero con respecto a la obligación de pagar a los jueces, abogados, registradores, etc., al incluir además de *sus honorarios y derechos,* los *gastos y desembolsos* que hubieren tenido en el

desempeño de sus cargos u oficios. Pero no se hizo así en el inciso 2 al referirse a los *profesores* y *maestros,* limitando así el término de prescripción de tres años a su reclamación por concepto de honorarios y estipendios. Si la intención del legislador hubiese sido incluir además de tales honorarios y estipendios el importe de los materiales de construcción, mano de obra, etc., fácil le hubiera sido expresarlo, como lo hizo en los dos incisos anteriormente aludidos.

Veamos ahora lo que, interpretando el artículo 1967 del Código Civil español, dice Manresa:

"También tiene resuelto dicho Tribunal (Supremo), con referencia a esta misma regla de prescripción, en sentencia de 21 de marzo de 1905 (100 C. J. 628), que el tiempo para que se extingan por este medio las deudas de artistas y menestrales, señalado en la Constitución de Cataluña 4ª. del título 2º. del libro 7, volumen 1, no se refiere a todas indistintamente, sino que se entiende limitado a las ocasionadas por el trabajo personal de los mismos, al igual de lo que dispone el art. 1967 del Código civil, haciéndolo extensivo además a los desembolsos o suministros que concernientes a dicho trabajo hubieren hecho, y que rige el tiempo ordinario de la prescripción respecto de todas las demás, no siendo aplicables los mencionados preceptos a la reclamación de un contratista de obras que comprende en ella los materiales, su trabajo personal y el de los demás operarios: doctrina que aun cuando establecida en un caso sujeto a la legislación catalana, es igualmente aplicable a los análogos que puedan suscitarse y estén sometidos al derecho común." *Comentarios al Código Civil,* ed. 1907, tomo XII, pág. 864. (Paréntesis nuestros.)

Siendo la de este caso una acción personal para el ejercicio de la cual no se ha señalado término especial de prescripción, deberá prescribir, con arreglo al artículo 1864 del Código Civil, a los quince años. Mas como de conformidad con el artículo 1869 del mismo Código "el tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde que pudieron ejercitarse," y ese día, según la demanda, fué el 31 de enero de 1926, y entre dicha fecha y la de la inter-

posición de la demanda original el 21 de noviembre de 1939 sólo habían transcurrido, como hemos dicho antes, trece años, nueve meses y veinte días, claro es que la acción ejercitada no estaba prescrita, y no estándolo, erró la corte a quo al desestimarla por ese motivo.

*Consecuentemente, procede declarar con lugar el recurso, revocar la sentencia apelada y devolver el caso a la corte inferior para que conceda a la demandada apelada un término razonable para contestar la demanda y continúe su tramitación con arreglo a derecho.*