Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| REDLINE GLOBAL, LLC<br><br>Apelante<br><br>V.<br><br>MUNICIPIO DE TOA BAJA; ASEGURADORA A, B Y C; CORPORACIÓN X, Y & Z; FULANO DE TAL; JUAN(A) DEL PUEBLO; MENGANO(A) DE TAL<br><br>Apelados | KLAN202500003 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV01034<br><br>Sobre: Incumplimiento de contrato, cobro de dinero, interdicto permanente |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece ante nos Redline Global, LLC (Redline o apelante) en solicitud de que revisemos una *Sentencia* emitida y notificada el 11 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En el referido dictamen, el TPI declaró Ha Lugar a la solicitud de desestimación que presentó el Municipio de Toa Baja (Municipio o apelado) al amparo de la Regla 10.2 (5) de Procedimiento Civil, *infra*. Esto, al entender que la causa de acción del apelante estaba prescrita por haber aplicado el término prescriptivo de tres (3) años dispuesto en el Artículo 1867 del Código Civil de 1930, *infra*.

Por los fundamentos que esbozamos a continuación, se adelanta la confirmación del dictamen apelado.

---

[1] Apéndice de *Apelación*, Anejo 17, págs. 106-115.

Número Identificador
SEN2025_____

**I.**

El caso ante nuestra consideración se originó el 21 de febrero de 2024, cuando Redline presentó una *Demanda* sobre incumplimiento de contrato, cobro de dinero e interdicto permanente contra el Municipio y otros demandados cuya identidad desconocía.[2] Según las alegaciones, el 12 de abril de 2018, el Comité Evaluador de Solicitud de Propuestas Selladas del Municipio adjudicó la Solicitud de Propuesta Núm. 7 para el Año Fiscal 2017-2018 a Redline para el servicio de asesoría en reclamaciones al Programa de Asistencia Pública de la Agencia Federal para el Manejo de Emergencias (FEMA) por el paso del huracán María en Puerto Rico. Así las cosas, el apelante sostuvo que el 14 de junio de 2018, las partes suscribieron un Contrato de Servicios extensivo hasta el 14 de junio de 2019 para que Redline optimizara las alternativas de recuperación del Municipio. Expuso que en la Cláusula Novena (a) del Contrato de Servicios, el apelado se comprometió a pagar los montos sobre todos y cada uno de los pagos, acuerdos, ingresos y/u otra consideración o beneficios devengados por los trabajos elegibles realizados. Igualmente, expresó que en la Cláusula Novena (d) del Contrato de Servicios, el Municipio se comprometió a, una vez recibida las facturas de Redline, solicitar sin demora los montos asignados para los trabajos elegibles a través de programas y subsidios federales y estatales que surgieran o estuviesen relacionados con los huracanes Irma y María. Adicionalmente, Redline expuso que el Contrato de Servicios le imponía la obligación de presentar facturas bisemanales en un tiempo razonable. Por otro lado, precisó que el Contrato de Servicios le imponía al Municipio la obligación de pagar a Redline las facturas pendientes por los trabajos realizados, dentro de los diez (10) días posteriores a recibir los fondos asignados.

---

[2] *Íd.*, Anejo 1, págs. 1-25.

De otra parte, Redline subrayó que el 14 de junio de 2019, el Contrato de Servicios se enmendó a fin de extender su vigencia hasta el 15 de julio de 2019, sin realizarle cambios en su contenido.

Así las cosas, el apelante alegó que rindió los servicios pactados en el Contrato de Servicios desde agosto de 2018 a julio de 2019, los cuales facturó bisemanalmente. Sin embargo, esgrimió que el Municipio incumplió con sus obligaciones bajo el Contrato de Servicios al no gestionar el desembolso de fondo estatal o federal alguno o no efectuar los pagos requeridos en los plazos acordados, tras recibir las facturas correspondientes por parte de Redline y los montos advenir líquidos y exigibles. Pues, indicó que el Municipio venía llamado a gestionar el desembolso de fondos en la Oficina Central para Recuperación, Reconstrucción y Resiliencia (COR3) y efectuar los pagos acordados tras recibir las facturas por parte de Redline. Puntualizó que, a la fecha de presentación de la Demanda, el Municipio tenía paralizado todo posible cobro relacionado con el Contrato de Servicios objeto del recurso. Esgrimió que el dinero obligado por FEMA al fondo DAC, que cubría ciertos proyectos que el apelante comenzó, estaba en riesgo de ser utilizado para otros fines distintos al pago de sus servicios. Redline apuntó que ante el vencimiento de la deuda y la falta de diligencia en procesar las facturas y gestionar el recobro, reclamó en múltiples ocasiones al Municipio mediante visitas, llamadas, correos electrónicos y cartas. Sin embargo, expresó que todas las gestiones de cobro fueron infructuosas.

Redline expuso que el alcalde del Municipio indicó que no tenía facturas firmadas, a pesar de haber sido enviadas. Precisó que, al mostrarle evidencia de las facturas firmadas, el alcalde procedió a indicar que no había autorizado a su "*point of contact*" (POC) a firmar dichas facturas. El apelante indicó que posteriormente el alcalde expresó que éste no realizó el trabajo para el cual fue contratado.

Arguyó que, como resultado de lo anterior, el 14 de noviembre de 2023, le envió una carta al alcalde en la que le informó todas las gestiones y el monto adeudado, más le exigió el cumplimiento de sus obligaciones bajo el Contrato de Servicios y le advirtió sobre la posibilidad de recurrir a otros remedios.

Expuso que el 27 de noviembre de 2023, luego de haber vencido el término de diez (10) días otorgado para contestar, el Municipio solicitó una extensión de quince (15) días para evaluar su contestación, término que venció el 11 de diciembre de 2023 sin que el apelante cumpliera con lo solicitado.

Redline esgrimió que hacía cinco (5) años que emitió la primera factura sin que el Municipio hubiese realizado un pago. Consiguientemente, reclamó que el municipio adeudaba $4,491,186.57 por concepto de la factura de sus labores, así como la indemnización por intereses. Puntualizó que la acción del Municipio constituía un craso incumplimiento con el Contrato de Servicios, remediable bajo una acción de cobro de dinero, intereses por mora e interdicto preliminar o permanente.

El 6 de mayo de 2024, el Municipio presentó una *Moción en Solicitud de Desestimación.*[3] En esencia, adujo que la acción presentada por el apelante debía ser desestimada por esta no exponer una reclamación que justificara la concesión de un remedio toda vez que estaba prescrita. En particular, arguyó que era de aplicación al caso el término prescriptivo de tres (3) años establecido en el Artículo 1867 del Código Civil, *infra*, para las acciones de maestros y profesores en el recobro de sus honorarios y estipendios por el ejercicio de su profesión, arte u oficio. Esto, por cuanto Redline, para propósitos del referido artículo, debía ser considerado un "maestro" o

---

[3] *Íd.,* Anejo 8, págs. 42-48.

"profesor" ya que, conforme al contrato suscrito, ejercía un arte o ciencia al asesorar al Municipio en las reclamaciones a FEMA.

Siendo así, expuso que la acción quedó prescrita el 15 de julio de 2022, esto es, tres (3) años desde el 15 de julio de 2019, fecha a partir de la cual Redline podía ejercer su derecho a cobrar la alegada deuda. Además, indicó que no existía reclamación extrajudicial alguna de parte de Redline que interrumpiera el término prescriptivo puesto que la carta enviada al Municipio el 14 de noviembre de 2023, fue hecha cuatro (4) años y cuatro (4) meses a partir de la fecha en que comenzó a transcurrir el término prescriptivo. De igual forma, señaló que la acción judicial incoada fue presentada cuatro (4) años, siete (7) meses y seis (6) días desde que comenzó a cursar el plazo prescriptivo.

Por su parte, el 3 de junio de 2024, Redline presentó una *Oposición a Moción en Solicitud de Desestimación.*[4] En esencia, arguyó que la propia jurisprudencia en la que el Municipio fundamentó su solicitud excluía a los contratistas como Redline que costean sus materiales y labores para luego facturar por sus servicios profesionales.

Además, negó que fuera un "maestro" o "profesor" a la luz del Artículo 1867 del Código Civil, *infra*, y adujo que el Tribunal Supremo limitó la aplicación del referido artículo al reclamo de maestros y profesores sobre sus honorarios y estipendios basados en la enseñanza brindada o el ejercicio de su profesión. Enfatizó que Redline es una corporación que había financiado sus obligaciones profesionales contractuales para cobrar, a modo de reembolso, de los fondos que recibiese el Municipio, por lo que sus servicios eran diferentes a los de índole magisterial y su reclamo no era sobre honorarios o estipendios. Señaló, además, que el Municipio no

---

[4] *Íd.,* Anejo 12, págs. 53-59.

fundamentó su planteamiento más allá de inferencias al alegar que la importancia para la aplicación del referido artículo radica en que la remuneración sea por servicios profesionales sin importar su naturaleza.

Por consiguiente, arguyó que no era de aplicación el término prescriptivo de tres (3), sino el término de quince años (15) provisto por el Artículo 1864 del Código Civil, *infra*, para acciones personales sin término prescriptivo señalado, por lo que la demanda incoada no estaba prescrita.

Ante esto, el 17 de junio de 2024, el Municipio presentó réplica a la oposición de desestimación en un escrito intitulado *Moción en Solicitud de Desestimación.*[5] En esta, reiteró su argumento sobre la aplicabilidad del término prescriptivo de tres (3) años dado que Redline debía ser considerado un "maestro" o "profesor", de conformidad con el Artículo 1867 del Código Civil, *infra*. Además, rechazó la postura del apelante en cuanto a que esta costeaba materiales y mano de obra, ya que lo anterior no formó parte de la propuesta ni del contrato suscrito. Por lo tanto, no podía entenderse que Redline era un contratista de obra a cuya causa de acción no le era de aplicación el término prescriptivo de tres (3) años.

Subsiguientemente, el 8 de julio de 2024, Redline presentó una *Dúplica a Réplica a Oposición a Moción de Desestimación.*[6] En esta, reiteró sus planteamientos en la moción en oposición sobre la inaplicabilidad del término prescriptivo de tres (3) años y señaló que la interrogante sobre si Redline era o no un "maestro" o "profesor" para propósitos del Código Civil, constituía una controversia de hechos que no podía dirimirse de las alegaciones en la demanda. De este modo, arguyó que el TPI debía circunscribirse solo a las alegaciones expuestas en la demanda y tomarlas como ciertas.

---

[5] *Íd.,* Anejo 14, págs. 62-95.
[6] *Íd.,* Anejo 16, págs. 98-105.

Así las cosas, el foro de instancia dictó *Sentencia* y resolvió que la causa de acción de Redline estaba prescrita, por lo que desestimó la demanda.[7] En específico, entendió que el apelante era un "agente" a la luz del Artículo 1867 del Código Civil, *infra*, y lo resuelto en *Meléndez Guzmán v. Berríos*, 172 DPR 1010 (2008). Siendo así, determinó que era de aplicación el término prescriptivo de tres (3) años.

No conforme, el 28 de octubre de 2024, Redline presentó una *Moción de Reconsideración*.[8] En síntesis, sostuvo que el TPI se apartó de ceñirse a las alegaciones de la demanda al hacer su determinación. Lo anterior por cuanto la contención de que Redline era un "agente" no surgía de las alegaciones y ni siquiera fue presentada por el Municipio en su moción dispositiva.

Arguyó que no procedía aplicar por analogía lo discutido en *Meléndez Guzmán v. Berríos, supra,* pues allí el Tribunal Supremo se limitó a decidir si un corredor de bienes raíces es un "agente" para propósitos del Artículo 1867 del Código Civil, *infra*. Adujo que entre el contrato de corretaje y el de servicios profesionales, como el contrato objeto del presente caso, no existían características lo suficientemente análogas o afines entre sí que permitan aplicar por analogía lo resuelto en *Meléndez Guzmán v. Berríos, supra*.

En adición, sostuvo que no era irrazonable aplicar al caso el término prescriptivo de quince años (15). Esto por cuanto la naturaleza del contrato suscrito requería un complicado y extenso procedimiento de desembolso de fondos federales. Por último, sostuvo que la prescripción de un derecho es excepcional toda vez que, cuando hay duda sobre si una causa de acción está prescrita, los tribunales deben inclinarse a conservar el derecho.

---

[7] *Íd.,* Anejo 17, págs. 106-115.
[8] *Íd.,* Anejo 18, págs. 116-128.

Seguidamente, el 31 de octubre de 2024, el TPI emitió una *Resolución Interlocutoria* declarando No ha lugar la *Moción de Reconsideración.*[9]

Inconforme, el 2 de enero de 2025, Redline acudió ante nos mediante Recurso de *Apelación* y plantea los siguientes errores:

> ERRÓ el Tribunal de Primera Instancia al desestimar la *Demanda* amparándose en las disposiciones de la Regla 10.2(5) de Procedimiento Civil, sin haber considerado en sus méritos las alegaciones de la misma para comprobar que Redline tenía una reclamación válida; e incluso cuando el Municipio no probó que Redline fuera un "profesor" o "maestro" al que le aplicara el término prescriptivo de tres (3) años dispuesto en el Artículo 1867 del Código Civil de 1930.

> ERRÓ el Tribunal de Primera Instancia al concluir *sua sponte* que Redline actuaba como "agente" para asesorar al Municipio, aun cuando el Municipio nunca levantó dicho argumento, lo que constituye un abuso de discreción que atenta contra el debido proceso de ley de Redline.

En atención a los planteamientos de error, pormenorizamos la normativa jurídica pertinente a este recurso.

## II.

### A. Contratación gubernamental

En nuestro ordenamiento legal, el principio de la autonomía de la voluntad permite a las partes contratantes establecer los pactos, cláusulas y condiciones que entiendan convenientes, siempre que no sean contrarias a las leyes, a la moral o al orden público. Art. 1207 del Código Civil, 31 LPRA sec. 3372;[10] *Pepsi Cola v. Municipio de Cidra et al.,* 186 DPR 713, 752 (2012); *De Jesús González v. AC,* 148 DPR 255, 263-264 (1999).

Como es sabido, las normas sobre contratación gubernamental difieren de aquellas que rigen la contratación entre entes privados en aspectos fundamentales. Ello, pues, por imperativo constitucional, el Estado está obligado a manejar los

---

[9] *Íd.,* Anejo 19, a las págs. 129-130.

[10] Por tratarse de hechos ocurridos con anterioridad a la aprobación y vigencia del Nuevo Código Civil (Ley Núm. 55 de 1 de enero de 2020), nos limitaremos a discutir las disposiciones aplicables y correspondientes al Código Civil de 1930.

fondos públicos con el mayor celo, amparado en los más altos principios éticos y fiduciarios. *Jaap Corp. v. Departamento de Estado et al.,* 187 DPR 730, 739 (2013).

La rigurosidad de estos preceptos responde al gran interés del Estado en promover una sana y recta administración pública, mediante la prevención del despilfarro y la corrupción en la contratación gubernamental. *Las Marías v. Municipio de San Juan,* 159 DPR 868, 875 (2003); *CMI Hospital v. Departamento de Salud,* 171 DPR 313, 230 (2007).

### B. Prescripción extintiva

La prescripción extintiva es una figura del derecho sustantivo que extingue el derecho a ejercer cierta causa de acción por la inacción de una parte durante un tiempo determinado. *Nevárez Agosto v. United Surety et al.*, 209 DPR 346 (2022); *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 228 (2019*); Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 372-373 (2012). El propósito de este precepto jurídico es castigar la inercia y estimular el rápido ejercicio de las acciones. *Íd.* Así pues, en nuestro ordenamiento jurídico, se parte de la idea de que las reclamaciones válidas se ejercen oportunamente, por lo que una persona no debe estar sujeta a la incertidumbre de una posible reclamación de forma indefinida y en estado de indefensión como consecuencia del paso del tiempo y la pérdida de la prueba. *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 192-193 (2016). De esta forma, se atiende la necesidad de que exista estabilidad y seguridad tanto en las relaciones jurídicas como en el tráfico jurídico. *Cacho González et al. v. Santarrosa et al.*, *supra,* en la pág. 228; *Maldonado Rivera v. Suárez y otros, supra,* en la pág. 192.

El Art. 1830 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 5241, establece que los derechos y las acciones se extinguen

por medio de la prescripción. *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007). A esos efectos, el Art. 1861 del Código Civil de Puerto Rico, 31 LPRA sec. 5291, dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". De manera que, "en ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que la ley establece." *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1067 (2020).

Los términos prescriptivos varían según el tipo de derecho o acción. En lo pertinente al presente caso ante nos, el Código Civil de Puerto Rico establece que las acciones para satisfacer a los profesores y maestros sus honorarios y estipendios por la enseñanza que dieron, o por el ejercicio de su profesión, arte u oficio prescriben por el transcurso de tres (3) años. Art. 1867 (2) del Código Civil de Puerto Rico, 31 LPRA sec. 5297. Dentro del mismo término prescriben las acciones para satisfacer a los agentes sus honorarios y derechos, así como los gastos y desembolsos que hubiesen realizado en el desempeño de sus cargos u oficios. Art. 1867(1) del Código Civil de Puerto Rico, *íd.* Dicho término prescriptivo de tres (3) años se computa desde que dejaron de prestarse los respectivos servicios. *Íd.* A tenor con lo anterior, el Tribunal Supremo de Puerto Rico resolvió en *Santiago v. Torres*, 60 DPR 265, 270 (1942), que el término "profesor o maestro", al que hace referencia el precitado Artículo 1867 del Código Civil de Puerto Rico, *supra*, "es, por ejemplo, el arquitecto o ingeniero que prepara los planos y especificaciones, o el que dirige o inspecciona la obra".

Por otro lado, en *Meléndez Guzmán v. Berríos*, 172 DPR 1010 (2008), nuestro Máximo Foro interpretó el referido artículo y, en lo pertinente, **determinó que el plazo de prescripción de tres (3) años correspondía a las acciones para obtener remuneración de quienes rinden servicios profesionales**. En específico, y haciendo

referencia al tratadista Díez-Picazo, el Tribunal Supremo expresó que "si los servicios fueron prestados por un profesional, el crédito para cobrar la acreencia prescribe a los tres años desde que cesaron los servicios mientras los servicios prestados por no profesionales prescriben a los quince años." *Íd.,* a la pág. 1025. El referido plazo acortado responde a "la diligencia que debe desplegar un profesional en el cobro de su retribución." *Íd.,* a la pág. 1026. De igual forma, el Tribunal Supremo adoptó la interpretación del referido tratadista sobre lo que constituye un "agente" para propósitos del Artículo 1867 del Código Civil, *supra.*

Por último, cabe mencionar que el Código Civil establece un término prescriptivo de quince (15) años para las acciones personales que no tienen señalados términos especiales de prescripción. Art. 1864 del Código Civil de Puerto Rico, 31 LPRA sec. 5294; *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 952 (2019).

### C. Desestimación

La Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), permite la desestimación de una demanda por dejar de exponer una reclamación que justifique la concesión de un remedio. Al evaluar una moción bajo la Regla 10.2 (5), *íd.,* el tribunal deberá tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas", y deberá interpretarlos conjuntamente, liberalmente y de la forma más favorable para la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008).

Además, debe tenerse presente que una demanda solo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio[.]" Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. La parte

demandante no tiene que elaborar alegaciones minuciosas y jurídicamente perfectas, sino bosquejar a grandes rasgos su reclamación, mediante una exposición sucinta y sencilla de los hechos. *Torres Torres v. Torres Serrano,* 179 DPR 481, 501 (2010).

Una moción de desestimación al amparo de la Regla 10.2 (5), *supra*, procederá si, luego de examinada, el TPI determina que, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera, et al.,* 184 DPR 407, 423 (2012); *Colón v. San Patricio Corp.,* 81 DPR 242, 266 (1959). En otras palabras, "[e]l promovente de la moción de desestimación tiene que demostrar que, presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio." *Rosario v. Toyota,* 166 DPR 1, 7 (2005); *Pressure Vessels v. Empire Gas,* 137 DPR 497, 505 (1994).

De manera similar, si de las alegaciones de la demanda surge que la acción está prescrita, un demandado puede presentar una solicitud de desestimación por prescripción conforme a la Regla 10.2 (5) de Procedimiento Civil, *supra.* Esta solicitud se fundamentará en la premisa de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. *Conde Cuz v. Resto Rodríguez, supra; Sánchez v. Aut. de los Puertos, supra; Rossy v. Tribunal Superior,* 80 DPR 729, 745–746 (1958), citando a *Ramos v. Pueblo,* 67 DPR 640, 644 (1947).

### D. Denominación o súplica errónea

La existencia de defectos en la denominación del pleito o en la súplica del remedio, no impide al tribunal conceder los remedios que proceden. La Regla 71 de Procedimiento Civil, 32 LPRA Ap. V, R. 71, permite al tribunal conceder el remedio que proceda, conforme a las alegaciones y la prueba. Nuestro Tribunal Supremo ha sido claro en

que el nombre no hace la cosa. *Cortés Pagán v. González Colón,* 184 DPR 807, 813 (2012). El foro judicial deberá conceder el remedio al que se tenga derecho independientemente de la denominación o de la súplica contenida en la alegación pues, "[c]uando de hacer justicia se trata, especialmente en áreas de gran interés público, no hay moldes técnicos que limiten o aprisionen los remedios justos." *Negrón Rivera y Bonilla, Ex parte,* 120 DPR 61, 72-73 (1987).

La expresión literal de lo solicitado no limita la obligación judicial de pasar juicio sobre la naturaleza de las circunstancias y la evaluación del remedio que mejor atienda la vindicación de los derechos que deben ser cautelados. Ello es así por cuanto "los foros judiciales debemos hacer todo lo posible por resolver los casos que tengamos ante nosotros." *Miramar Marine, et al. v. Citi Walk, et al.,* 198 DPR 684, 699 (2017).

Cónsono con lo anterior, es norma reiterada que "**son los hechos alegados y la prueba presentada**, y no el título o súplica de la demanda, **los que constituyen el fundamento determinante de la existencia de una causa de acción**." *Magris v. Empresas Nativas,* 143 DPR 63, 73 (1997), citando a *Granados v. Rodríguez Estrada I,* 124 DPR 1, 46 (1997) (Énfasis nuestro). Después de todo, sabido es que los tribunales "resolvemos conforme a derecho y proveemos el remedio adecuado en ley, *aunque la parte no lo solicitó*." *Íd.* (Énfasis nuestro).

A la luz de la normativa jurídica antes expuesta, procedemos a aplicarla a los hechos de este caso.

### III.

En el presente caso, Redline le imputa dos (2) errores al TPI. Por ambos estar íntimamente relacionados, procederemos a atenderlos conjuntamente.

En síntesis, el apelante aduce que el foro de instancia erró al desestimar la acción instada sin considerar las alegaciones

esbozadas en la demanda y abusó de su discreción al hacer una determinación *sua sponte* basado en un planteamiento que no fue traído por ninguna de las partes, violentando así su debido proceso de ley.

De entrada, no le asiste la razón en cuanto a que el TPI abusó de su discreción al hacer una determinación sobre un fundamento que no fue traído por las partes. Como vimos anteriormente, los tribunales tienen la obligación de pasar juicio sobre la naturaleza de las circunstancias y la evaluación del remedio que mejor atienda la controversia ante sí.

Lo anterior por cuanto nuestro ordenamiento jurídico no limita a los tribunales de entender únicamente los planteamientos que las partes litigiosas aduzcan, sino que también aquellos que puedan surgir del análisis efectuado sobre las alegaciones y prueba presentadas y el derecho aplicable. Más aun en aquellos casos que versen sobre asuntos de alto interés público, como el de autos.

Un análisis del expediente refleja que la determinación a la que llegó el foro apelado fue producto de la evaluación hecha sobre el contrato objeto del pleito y el derecho aplicable a la controversia. En particular, la *Sentencia* apelada muestra que, tras evaluar el contrato de servicios profesionales, el TPI determinó que Redline actuaba como "agente" para asesorar al Municipio, por lo que era de aplicación el plazo prescriptivo trienal del Artículo 1867 del Código Civil, *supra*. Siendo así, el foro de instancia resolvió que la causa de acción estaba prescrita y desestimó la demanda.

Si bien la parte promovente de la desestimación, es decir, el Municipio, nunca adujo que Redline era un "agente" sino un "maestro" o "profesor," lo cierto es que el foro *a quo* resolvió que Redline fungió como un "agente" tras analizar el contrato suscrito e interpretar el mismo artículo que el Municipio utilizó como fundamento para su solicitud, es decir, el Artículo 1867 del Código

Civil, *supra.* Por consiguiente, no abusó de su discreción al hacer su determinación ni privó al apelante de su debido proceso de ley.

Por otro lado, Redline señala que el TPI erró al desestimar la causa de acción sin considerar las alegaciones en sus méritos y al aplicar el plazo prescriptivo de tres (3) años sin que el Municipio demostrara que el apelante fuera un "maestro" o "profesor." Tampoco le asiste la razón.

En primer lugar, el foro de instancia no aplicó el plazo trienal de prescripción por entender que Redline fuera un "maestro" o "profesor." El TPI aplicó el referido plazo por entender que Redline era un "agente." Por lo tanto, es inmeritorio el planteamiento de que el TPI adjudicó la controversia sin que el Municipio probara que Redline fuera un "maestro" o "profesor."

En segundo lugar, dada la naturaleza de las prestaciones pactadas, no cabe duda de que estamos ante un contrato de servicios profesionales. Como vimos anteriormente, conforme al Código Civil y a la luz de lo resuelto en *Meléndez Guzmán v. Berríos, supra,* el plazo de prescripción aplicable a las acciones para exigir la remuneración por servicios profesionales prestados es de tres (3) años a partir de que se dejen de prestar dichos servicios.

En el presente caso, tomando como ciertos los hechos bien alegados, surge que Redline dejó de prestar sus servicios profesionales el **15 de julio de 2019**, fecha a partir de la cual su causa de acción para exigir la retribución por sus servicios se tornó madura y sujeta a prescribir dentro del plazo trienal.[11] Por tanto, conforme a los fundamentos jurídicos ya esbozados, y no habiéndose interrumpido el término prescriptivo, dicha causa de acción prescribió el **15 de julio de 2022**. Tras haberse presentado la *Demanda* el **21 de febrero de 2024**, evidentemente Redline no prestó

---

[11] Apéndice del Recurso de *Apelación*, Anejo 1, pág. 3.

la diligencia requerida por el Código Civil para exigirle al Municipio el pago de sus servicios profesionales, por lo que, en definitiva, este tuvo razón al solicitar la desestimación de la causa.

De hecho, lo anterior dispone del asunto medular sin la necesidad de determinar si Redline fungió como un "agente," como así lo hizo el TPI, o como un "maestro" o "profesor," como así lo planteó el Municipio. Por lo anterior, entendemos, aunque por fundamentos distintos, que la *Sentencia* emitida por el foro *a quo* es correcta en derecho.[12]

No obstante, es importante destacar que también estamos ante un contrato de servicios profesionales revestido de gran interés público por ser una de las partes una entidad gubernamental. Por lo que, en adición a todo lo anterior, aplicar el término prescriptivo de quince (15) años a la presente controversia, como lo sugirió Redline, atentaría con la bien sabida política pública sobre contratación gubernamental así como sus más altos principios éticos, fiduciarios y sus efectos presupuestarios.

En resumen, concluimos que el TPI actuó correctamente al desestimar la *Demanda*, por lo que se procede confirmar la *Sentencia*.

**IV.**

Por los fundamentos que anteceden, se confirma el dictamen apelado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] De esta forma nos atenemos a uno de los principios básicos del Derecho apelativo: la apelación o revisión se da contra la sentencia o decisión apelada; es decir, contra el resultado y no contra sus fundamentos. *Asoc. Pescadores Figueras, Inc. v. Marina Puerto del Rey*, 155 DPR 906 (2001).